WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br><br>BCB Contracting Services LLC,<br><br>Debtor.<br><br>Brian K. Stanley,<br><br>Appellant,<br><br>v.<br><br>Payam D. Khoshbin, et al.,<br><br>Appellee. | No. CV-21-01454-PHX-GMS<br><br>BK NO. 2:19-BK-15555-DPC<br><br>**ORDER** |

Before the Court is Brian K. Stanley's ("Appellant") appeal of the Bankruptcy Court's Order Granting Trustee's Motion for Sanctions (Doc. 12). For the following reasons, the Order of the Bankruptcy Court is affirmed.

## BACKGROUND

Due to the unique posture of this appeal, many of the pertinent facts have already been memorialized by a court in this district.

> BCB Contracting Services, LLC, is an Arizona limited liability company ("BCB"). (Plaintiff's First Amended Complaint, (Doc. 16), at ¶ 11). As of March, 2017, Plaintiff was the sole member of BCB. (*Id.*). On March 27, 2019, Plaintiff submitted to the Arizona Corporation Commission ("ACC") articles of amendment to the articles of organization of BCB reflecting her withdrawal as a member of BCB. (*Id.* at ¶ 13). The ACC rejected Plaintiff's filing, issuing a statement noting that

> Plaintiff was the only member of BCB, and stating that if Plaintiff wished to be removed as a member of BCB, there must be a new member or manager assigned to BCB. (*Id.* at 14). On December 11, 2019, Plaintiff, believing herself to still be a member of BCB, filed a Chapter 7 bankruptcy petition on behalf of BCB, thus initiating *In re BCB Contracting Services, LLC*, 2:19-BK-15555 (Bankr. D. Ariz., Dec. 11, 2019) ("the Bankruptcy"). (Doc. 16 at ¶ 15). Defendant was appointed as the trustee in the Bankruptcy. (*Id.* at ¶ 4).
>
> On June 8, 2020, Plaintiff commenced a special action in Maricopa County Superior Court ("the Special Action") asking that the ACC be compelled to accept, file, and process the articles of amendment that Plaintiff submitted to the ACC in March, 2019. (*Id.* at ¶ 16). On June 23, 2020, Defendant filed a Notice of Appearance and Notice of Bankruptcy Filing in the Special Action stating that Defendant did not authorize the filing of the Special Action, and that Plaintiff did not seek relief from the automatic stay under 11 U.S.C. § 362 in the Bankruptcy Court to initiate the Special Action. (*Id.* at ¶ 17). On June 24, 2020, the Maricopa County Superior Court issued an order, citing Defendant's Notice of Appearance and Notice of Bankruptcy Filing, staying proceedings in the Special Action, and providing for the automatic dismissal of the Special Action on August 24, 2020 unless before that date:
>
>> the Plaintiff demonstrates she has moved to lift the stay but the request has not been ruled upon or has been granted; or she has sought to reduce the claim(s) against the debtor to judgment in the Bankruptcy Court in an adversary proceeding and the adversary proceeding has not yet been resolved despite diligence in seeking such a resolution; or she has obtained severance of the claim(s) against the debtor from the claim(s) against the other parties to the action ...
>
> (*Id.* at ¶ 18).

*Holbrook v. Mason*, No. CV-20-01413-PHX-JAT, 2020 WL 5292003, at *1 (D. Ariz. Sept. 4, 2020). In response to the Trustee's filing in the state court action, Ms. Holbrook, through Appellant, brought an action in the District Court, which, as amended, sought "a declaratory judgement that the Special Action has not and will not violate 11 U.S.C. § 362 and . . . to enjoin Defendant from asserting or maintaining that the Special Action has violated or will violate 11 U.S.C. § 362." *Id.* at *2.

After the action was filed, counsel representing the Trustee contacted Appellant and informed him that under the doctrine first established in *Barton v. Barbour*, 104 U.S. 126 (1881), the leave of the bankruptcy court was required before any suit could be brought

against the Trustee for acts taken in his official capacity. (Doc. 13-1 at 48.) The Trustee informed Appellant that if he did not withdraw or dismiss the action, the Trustee would seek sanctions against him. *Id.* Appellant rejected the Trustee's offer and continued to prosecute the action on Ms. Holbrook's behalf. (Doc. 13-1 at 47–48.) On July 27, 2020, the Trustee moved to dismiss the District Court action, citing the *Barton* doctrine. *Holbrook*, 2020 WL 5292003, at *2. The Court granted the Trustee's motion on September 4, 2020, finding that Ms. Holbrook's suit was barred by *Barton*. *Id.* at *3.

The Trustee subsequently sought sanctions in the Bankruptcy Court, arguing the Court had the inherent power to sanction Appellant and his client for violating the *Barton* doctrine. (Doc. 13-1 at 29.) Appellant did not respond to the motion. At a hearing on July 15, 2021, Appellant presented oral argument. After considering Appellant's arguments, the Bankruptcy Court found Appellant filed the District Court action in bad faith, and that his violation of the *Barton* doctrine was sanctionable under the Court's inherent power. (Doc. 13-1 at 144–49.) The Bankruptcy Court charged Appellant $5,203.86, equivalent to the costs incurred by the Trustee in dismissing the District Court action and seeking sanctions in the Bankruptcy Court. *Id.* at 148–49. Appearing pro se, Appellant challenges the Bankruptcy Court's sanctions order.

## DISCUSSION

**I.  Legal Standard**

    **A.  Standard of Review**

A bankruptcy court's award of sanctions under 11 U.S.C. § 105(a) is reviewed for abuse of discretion. *Nash v. Clark Cnty. Dist. Att'y's Off. (In re Nash)*, 464 B.R. 874, 878 (B.A.P. 9th Cir. 2012). The abuse of discretion standard requires a reviewing court to first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the correct legal rule was identified, the reviewing court must next determine "whether the [bankruptcy] court's application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn

from the facts in the record.'" *Id.* (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 577 (1985)). A bankruptcy court's findings of fact are reviewed for clear error and will only be disturbed if a reviewing court has "the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573.

**B.    Applicable Law**

The *Barton* doctrine provides that "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *Beck v. Fort James Corp. et al. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005); *see also Barton v. Barbour*, 104 U.S. 126 (1881). A district court constitutes "another forum" for purposes of *Barton* unless the reference to the bankruptcy court is withdrawn. *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 885 (B.A.P. 9th Cir. 1995).

Article III courts have an "inherent power to impose sanctions for . . . bad-faith conduct" which "abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 46 (1991). While bankruptcy courts lie outside Article III, 11 U.S.C. § 105(a) implicitly recognizes that they possess the same inherent powers to "sanction vexatious conduct presented before the court".[1] *Caldwell v. Unified Cap. Corp. (In re Rainbow Mag., Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996). Such sanctions are only available if the court makes an "explicit finding of bad faith or willful misconduct" before their imposition. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003); *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co. Sec. Litig.)*, 78 F.3d 431, 436 (9th Cir. 1996). While recklessness alone will not suffice, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose . . . [is] sanctionable under a court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

**II.    Discussion**

The Bankruptcy Court did not abuse its discretion when it found Appellant acted in bad faith, and that his conduct was worthy of sanction. The bankruptcy court's explicit

---

[1] 11 U.S.C. § 105(a) allows a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

finding that Appellant acted in bad faith, or that his actions were tantamount to bad faith, finds ample support in the record. Even if Appellant did not know that the *Barton* doctrine precluded his suit against the Trustee when he filed in district court, the Trustee promptly notified him of the doctrine's applicability. (Doc. 13-1 at 48). But instead of dismissing his district court action and either seeking leave to file or relief from the automatic stay in the Bankruptcy Court, he pressed on, forcing the Trustee to litigate the action to dismissal. *Holbrook*, 2020 WL 5292003, at *3.

Appellant's rationale for prosecuting his action in the District Court—that the *Barton* doctrine only applies when a party wishes to sue a bankruptcy trustee "to obtain money judgment or recover specific property"—was frivolous.[2] (Doc. 16 at 6;) *see also In re Crown Vantage*, 421 F.3d at 970. *Crown Vantage* made clear that "[t]he requirement of uniform application of bankruptcy law dictates that *all* legal proceedings that affect the administration of the bankruptcy estate be brought either in bankruptcy court or with leave of the bankruptcy court." *Id.* at 971 (emphasis added). Nor is *Crown Vantage* an outlier case. In *Castillo*, the Ninth Circuit explained that the purpose of the *Barton* doctrine in its modern form is to ensure that "*no suit* may be maintained against a trustee for actions taken in the administration of the estate" without first obtaining leave of the bankruptcy court. *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 945 (9th Cir. 2002) (emphasis added). This is because "[t]he *Barton* doctrine is a practical tool to ensure that *all lawsuits* that *could* affect the administration of the bankruptcy estate proceed either in the bankruptcy court, or with the knowledge and approval of the bankruptcy court."[3] *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 742 (9th Cir. 2009) (emphasis added). Lower courts have also rejected similar arguments to those raised by Appellant. *See, e.g.*, *In re CFB Liquidating Corp.*, 576 B.R. 610, 621 (Bankr. N.D. Cal. 2017) (finding *Barton* doctrine

---

[2] A claim or action is frivolous when it is "[l]acking a legal basis or legal merit;" or "manifestly insufficient as a matter or law." *Frivolous*, *Black's Law Dictionary* (11th ed. 2019).

[3] Appellant's argument that *Barton* is inapplicable because the relief he would have sought in the bankruptcy court would have been identical to the relief he sought in the district court fails for this very reason. (Doc. 16 at 15.)

applied when party filed action seeking declaratory relief in state court). While Appellant attempts to distinguish *Harris* and *Crown Vantage* on their facts, he does not explain how his position is reconcilable with the Ninth Circuit's repeated pronouncements that *Barton* applies to any suit that could affect the administration of the bankruptcy estate; not only those seeking money damages or specific property. Nor does Appellant offer any substantive explanation as to how the relief he sought on behalf of his client in both the Superior Court and the District Court was not related to the administration of the bankruptcy estate. The inescapable conclusion, also reached by the Bankruptcy Court, is that Appellant's District Court action was frivolous.

Even after Appellant was properly advised that his District Court action was frivolous, he nevertheless continued to prosecute an action against the Trustee in his official capacity. Because "[a] finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument,'" the Bankruptcy Court did not abuse its discretion when it sanctioned Appellant under its inherent authority. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *In re Keegan Mgmt. Co.*, 78 F.3d at 436).[4]

## CONCLUSION

**IT IS THEREFORE ORDERED** that the order of the Bankruptcy Court is **AFFIRMED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action.

Dated this 5th day of January, 2022.

_____
G. Murray Snow
Chief United States District Judge

---

[4] Appellant also argues the bankruptcy court lacked the statutory authority to impose sanctions under 11 U.S.C. § 105(a). This argument was not raised at the bankruptcy court and will not be considered on appeal. *See R.L. Inv. Ltd. Partners v. I.N.S.*, 273 F.3d 874, 875 (9th Cir. 2001).